MILLER, Judge
(concurring).
I concur. The doctrine of Comparative Negligence, LSA-C.C. art. 2323, supports the result.
The majority concludes that defendant stopped his vehicle “at approximately the center line of Acton Road.” I respectfully submit the evidence will not support that finding. Nothing in the record indicates defendant’s car reached a point beyond the centerline of the eastbound lane of Acton Road.
Plaintiff and his wife admit that the front of his car struck the left front fender of defendant’s car while plaintiff was in his eastbound traffic lane. The only evidence concerning the location of the debris laid down during the accident was given by the investigating officer. He testified at Tr. 34 that the debris was in the center of the eastbound lane. Defendant testified at Tr. 320 that he stopped his car when he reached a point about two or three feet into plaintiff’s traffic lane.
Under these facts there were approximately 22 feet of paved roadway available for plaintiff to go around defendant’s stopped vehicle. Plaintiff saw defendant’s vehicle at least five seconds before he hit him. Because of the sudden emergency, plaintiff might be excused for his negligence.
The quantum awarded is justified by application of the doctrine of Comparative Negligence. LSA-C.C. art. 2323. See Professor Malone’s Article on Comparative Negligence, 6 La.L.Rev. 125, (1945); the concurring opinion in Eubanks v. Brasseal, 310 So.2d 550 (La.1975); the dissenting and concurring opinions in Haas v. Southern Farm Bureau Casualty Insurance Co., 321 So.2d 380 (La.App. 4 Cir. 1975).
I respectfully concur in the result.